ACCEPTED
04-14-00547-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/29/2015 2:25:10 PM
KEITH HOTTLE
CLERK

**NO. 04-14-00547-CV**

**IN THE COURT OF APPEALS**
**FOURTH SUPREME JUDICIAL DISTRICT**
**SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/29/2015 2:25:10 PM
KEITH E. HOTTLE
Clerk

*IN THE INTEREST OF T.S.P.*

**ON APPEAL FROM**
**THE COUNTY COURT AT LAW**
**MEDINA COUNTY, TEXAS**
**CAUSE NO. 07-06-4710-CCL**
**HON. VIVIAN TORRES**

**REPLY BRIEF FOR APPELLANT**
**TAD DANA PERRY**

**LAW OFFICE OF**
**ROBERT J. BARRERA**
424 East Nueva
San Antonio, Texas 78205
Telephone:  (210) 244-5858
Facsimile:  (210) 224-5890

Robert J. Barrera
Texas Bar No. 01807500

**ATTORNEY FOR APPELLANT**
**TAD DANA PERRY**

# TABLE OF AUTHORITIES

Statutes                                                                                    Page

Texas Family Code § 157.162..................................................................................... 5,6,9


Texas Rules of Evidence

Rule 201 .................................................................................................................. 5,6,9

Texas Rules Civil Procedure

Rule 65 …………………………………………………………………………………6,7

Cases

*In the Interest of K.R., a Minor Child,*
No. 05-06-00885-CV (Tex.App.—Dallas 2007, pet. denied) (memo op.:
    07-23-07)................................................................................................................ 7

# ISSUE PRESENTED

1.  Trial court erred in granting judgment on child support and medical support as the Attorney General Payment Record was improperly considered as evidence when it was never admitted during the trial and as the court took "judicial notice" of it improperly. Accordingly, there is no evidence to support the judgment on either the child support or the medical support awarded to Appellee.

2.  The trial court erred in ordering Appellant to pay a Civil Contempt fine of $2,500.00 to the clerk of [that] Court for the benefit of Marsalie Zinsmeyer". Said order is void and unenforceable without regard to the lack of Motion for New Trial on that issue being filed.

## SUMMARY OF ARGUMENT

At trial, Appellee's burden was to establish by evidence properly admitted that she complied with the court ordered written notices necessary to sustain and trigger an increase in medical support by Appellant. No evidence was admitted to prove this condition precedent and the trial court concurred that there was no evidence "in the record" of when the increased health insurance amounts were due. As such appellant's argument that there was no showing of compliance with the written notice provision has not been waived as there is no need, duty, or requirement to disprove an unproven fact. The Appellant's failure to inform the Appellee of this evidentiary failure during trial does not constitute a waiver of that error.

Appellees contention that Appellant waived his argument that the trial court improperly considered the Attorney General's record fails for the same reason. Appellant agrees that the court may consider Attorney General's record for its truth *if* it is properly admitted *during the trial*. In this case the Attorney General record was never offered nor admitted as evidence by Appellee. Accordingly, there is no evidence of the payment record for the court to consider for any purpose. The Appellant's failure to inform the Appellee of this evidentiary failure during trial does not constitute a waiver of that error.

The civil contempt fine issued to Appellant on August 20, 2013 is a void ruling. The court ordered the fine to be paid for benefit of Marsalie Zinsmeyer. The court does not have the authority to issue fines payable for the benefit of individuals. For this reason the ruling is void and unenforceable as a matter of law.

4

**ARGUMENT AND AUTHORITIES**

**ISSUE ONE: Trial court erred in granting judgment on child support and medical support as the Attorney General Payment Record was improperly considered as evidence when it was never admitted during the trial and as the court took "judicial notice" of it improperly. Accordingly, there is no evidence to support the judgment on either the child support or the medical support awarded to Appellee.**

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court *or* (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." TX R EVID Rule 201. Appellee cites § 157.162 of the Tex. Fam. Code in attempt to prove the accuracy of the report, the contents of which state as follows:

> *(c) The movant may attach to the motion a copy of a payment record. The movant may subsequently update that payment record at the hearing. If a payment record was attached to the motion as authorized by this subsection, the payment record, as updated if applicable, is admissible to prove:*
>
> *(1) the dates and in what amounts payments were made;*
> *(2) the amount of any accrued interest;*
> *(3) the cumulative arrearage over time; and*
> *(4) the cumulative arrearage as of the final date of the record.*
> *(c-1) A respondent may offer evidence controverting the contents of a payment record under Subsection (c).*

Statutorily, it is clear that for the payment record even to be admissible, it must be attached to the pleadings. Conversely, the document is not even admissible by itself without compliance with Subsection *(c)* above and therefore could not be judicially noticed upon request

of any party. Further, it is inconsistent and a legal absurdity to apply the concept of "judicial notice" to a document which statutorily is authorized to be "controverted" by other evidence. *See Tex. Fam. Code §157.162 (c-1).* Clearly, the only logical application of Appellee's argument is Tx. R. Evid. Rule 201 (2). However the logic is unsupported both statutorily and by the very definition the Appellee seeks to use to support his averment that the payment record facts in dispute "cannot reasonably be questioned."

By deeming this report *admissible* rather than *admitted* the legislature requires the movant to offer and admit the documents to the same degree as any other piece of evidence in the movant's case. Appellee openly admits that the Attorney General Payment Records were never offered not admitted as an exhibit. He does so by arguing that since the Court took "judicial notice of the court's file" (RR at 5) that he was relieved of the duty to offer and admit the record. Appellee then goes on to argue that since the undersigned failed to object to the introduction of the payment record, that the error is waived. All the statements referred to by Appellee regarding the payment records and the undersigned's comments related thereto were made in "opening statements" (RR at 4). The comments of the Appellant's counsel confirm the legal premise that the records are "admissible" and that the amounts reflected therein speak for themselves (RR at 6) however the Appellant's counsel went on to object to the fact that the pay records were not attached to the amended motion for contempt which was the pleading being litigated in trial. The amended pleading at trial superceded and effectively negated the previous pleadings to which the payment records were attached. See Tx. R.Civ. Proc. R.65. Appellee acknowledges that the amended pleading has no payment record attached (RR at 6) and acknowledged that the payment record was not "updated at the hearing" {"was filed in January of this year" (RR at 5)} as required by §157.162(c). Accordingly, the payment record was never

6

attached to the amended pleading and was therefore never properly before the court for consideration, even arguendo, that the Appellee had sought to introduce it. Appellant's attorney properly objected to "anything in excess of what he has pled" (RR at 6) and has therefore preserved any evidentiary objections to the evidence. The Court even acknowledged same for purposes of the issues related to the payment record. (RR at 7)

Appellant, in previous brief, cited *In the Interest of K.R., a Minor Child, No. 05-06-00885-CV (Tex. App. – Dallas 2007)* as evidence that a payment record must be entered into evidence. Appellee attempts to differentiate the present case from established precedent by showing that in *In The Interest of K.R.* a hearsay objection was made, and error was preserved, when the Attorney General attempted to introduce a payment record into evidence. In the present case the record was never attempted to be admitted into evidence. No objection was needed, nor could it even have been made since the event never occurred.

In relation to the increased premiums for health insurance, Appellant's counsel was cognizant of the evidentiary failures concerning both the conditions precedent to the increase in premium and to the failure to identify the dates upon which the alleged increase in premiums were supposed to start. Specifically, the Appellant's counsel specifically requested separate findings on each issue. (RR at 180,181) The Appellant specifically pointed out (without specifying the lack of proof as to the written notices, and the dates which certified mail were supposed to be proven and admitted) that there was "no evidence in this record of when the increased amounts of child—of health insurance were due" (RR at 181). Even the Court acknowledged that fact by stating "You're correct." (RR at 181). The Court went on to state that all calculations were to be based "only to what has been presented in this courtroom as *evidence under the rules of evidence and the special rule that deals with AG records* that you have." (RR

at 182). (Emphasis supplied by author) Based upon the Court's own conditional evidentiary wording, if the *evidence* was not "presented in this courtroom" it could not be used as the basis of anyone's calculations as to support payments allegedly due and owing. (RR at 182).

This court should additionally consider that the trial judge was "about as clear as mud" (RR at 133) as to what payments were being used to calculate the alleged totals. The entirety of the contents of Reporter's Record at 134 consists of the objections to the pleadings that the court was attempting to consider as "evidence" which included the Appellee's "spreadsheet" based upon the Attorney General's payment record. The spreadsheet itself, though marked as "Petitioner's 3" was never admitted as evidence. Even the Court opined that Appellee could make better "use of your time". (RR at 146). The record is replete with commentary that the Court took "judicial notice" of the Attorney General records. (RR at 134, 137, 147,) so rationally, the Court assumed that they were introduced as evidence as well when the record shows that they were not.  The Court admittedly took judicial notice of the Attorney General payment records which it cannot do, either by definition or statute.

The gravamen of the Appellee's brief and response to Appellant's argument is as follows: Because the Appellant's counsel failed to point out to the Court during trial all of the evidentiary failures of the Appellee's case, the Appellant is barred from complaining about what the Court considered in making its ruling. Put another way: If Appellant's counsel had only informed the Appellee of what evidence was needed to prove her case, the Appellee would have had the opportunity to remedy the evidentiary failure *during the trial.*  The Appellant's counsel can only object to the introduction of evidence when the evidence is sought to be *introduced!* Had Appellant's counsel informed the Court and Appellee *during the trial* that the payment record should have been introduced as an exhibit, certainly the Appellee would have then done so.

Further, had Appellant's counsel informed the Court and Appellee *during the trial* of what the conditions precedent to the increase in medical support payments were lacking, certainly the Appellee would have attempted to correct this evidentiary failure. Appellant's counsel was under no obligation to educate either the Appellee or the Court *during the trial* of what was missing in order for the Court to make an adverse ruling against the Appellant.

It is undisputed that the Attorney General payment records can be *admitted* as evidence if they are attached to the live pleadings on file at the time of trial and they are admitted in evidence as an exhibit. It is further undisputed that they were not attached to the "amended pleading" at the time of trial but were in fact filed attached to a superceded pleading or filed by themselves two (2) months before the amended pleading was filed. Additionally, they were never marked nor offered in evidence. As such, the Appellee failed to comply with the statutory requirements of Tx. Fam. Code. §157.162; and Tx. Rule Civ. Proc. Rules 62-65. It is further undisputed that both Appellee and the trial Court concluded that the trial Court had the authority to take "judicial notice" of the "pleadings on file" which included the authority to consider the Attorney General payment records as "evidence" simply by their being attached to the pleadings. The trial court relied upon the records in drawing her conclusion that "you (Appellee's counsel) have everything you need already" (RR at 147) to prove your case. Clearly, without the payment record, the court would have no ability to draw any conclusion as to the amount of child support or medical support due and owing.

The court's decision to afford any weight to facts not in evidence constitutes fundamental error and requires a reversal of the judgment rendered against the Appellant.

**ISSUE TWO:**

**The trial court erred in ordering Appellant to pay a Civil Contempt fine of $2,500.00 to the clerk of [that] Court for the benefit of Marsalie Zinsmeyer". Said order is void and unenforceable without regard to the lack of Motion for New Trial on that issue being filed.**

Appellee points to the fact that appeals to court orders must be made within 30 days from the date judgment is signed. This is true in most cases, but does not apply when the court's ruling is void. The civil contempt fine issued August 20, 2013 constitutes a void ruling. The fine in question was ordered to be made payable for the benefit of Marsalie Zinsmeyer (Appellee). The court lacks authority to make civil contempt fines payable for the benefit of any party to the suit. This lack of authority renders the $2500 fine issued against appellant on August 20, 2013 void and the thirty day (30) day deadline is inapplicable to this void order.

Respectfully submitted,

**ROBERT BARRERA P.C.**
424 East Nueva
San Antonio, Texas 78205
Telephone: (210) 244-5858
Facsimile: (210) 224-5890

_____/S/_____
ROBERT J. BARRERA
State Bar No. 01807500